**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **KARLA WIARCO-CERVANTES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1339-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Karla Wiarco-Cervantes' Petition for a Writ of Habeas Corpus, ECF No. 1.  Wiarco-Cervantes is detained at the El Paso Service Processing Center in El Paso, Texas.  *Id.* ¶ 1.  She argues that her detention is unlawful and asks the Court to order a bond hearing.  *Id.* ¶¶ 61–70; *id.* at 22.

Wiarco-Cervantes entered the country in 2001.  *Id.* ¶ 3.  In 2013, she was apprehended by immigration authorities after being arrested for driving while intoxicated ("DWI").  *Id.* ¶ 4; Resp. 4, ECF No. 4.  She was placed in removal proceedings, released, and scheduled for appearances on the non-detained Immigration Court docket, all of which she attended.  Pet. ¶ 5; Resp. 4.  On October 2013, Wiarco-Cervantes pled guilty to the DWI charges and was sentenced to thirty days of confinement.  Resp. 4.  On May 23, 2023, and Immigration Judge ("IJ") granted Wiarco-Cervantes' unopposed motion for administrative closure.  Pet. ¶ 6.  On January 14, 2026, Wiarco-Cervantes was taken into immigration custody.  Resp. 4.  And, on February 3, 2026, an IJ granted the Department of Homeland Security's motion to re-calendar Wiarco-Cervantes' removal proceedings.  *Id.*; Pet. ¶ 7.

In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Wiarco-Cervantes'] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Wiarco-Cervantes' case warrant a different outcome."  *Id.* at 1–2.

Respondents argue that Wiarco-Cervantes' case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Wiarco-Cervantes argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory as well as constitutional due process grounds.  Pet. ¶¶ 61–70.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Wiarco-Cervantes' position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Wiarco-Cervantes' statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its

opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–27, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Wiarco-Cervantes' case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Wiarco-Cervantes' procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Wiarco-Cervantes' Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before May 27, 2026**, Respondents shall either: (1) provide Wiarco-Cervantes with a bond hearing before an IJ, at which the Government shall

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Wiarco-Cervantes' requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

3

bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Wiarco-Cervantes' continued detention; or (2) release Wiarco-Cervantes from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before May 27, 2026**, Respondents shall **FILE** notice informing the Court whether Wiarco-Cervantes has been released from custody.  If Wiarco-Cervantes has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Wiarco-Cervantes is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the May 27, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 20th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4